588 P.2d 951

The STATE of Idaho,
Plaintiff-Respondent,

v.

Douglas Houston RICE,
Defendant-Appellant.

No. 12496.

Supreme Court of Idaho.

Jan. 5, 1979.

William H. Mulberry, Pinehurst, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., David G. High, Asst. Atty. Gen., Boise, for plaintiff-respondent.

KRAMER, Justice pro tem.

On November 23, 1976 the appellant, Douglas Houston Rice, was convicted by a jury of resisting an officer in violation of Idaho Code § 18–2703. The maximum punishment for that offense is five years in the State Penitentiary and/or a $5,000 fine. A presentence report was prepared, and a sentencing hearing conducted on December 13, 1976. After hearing arguments of counsel and the appellant's statement, the trial court sentenced the appellant to an indeterminate period in the Idaho State Penitentiary not to exceed three years. Appellant duly perfected this appeal urging that his sentence was unduly harsh, and that certain hospital records were erroneously excluded from evidence. The judgment of the district court is affirmed.

The record indicates that the defendant initiated a violent encounter with law enforcement officials after being booked and jailed for a separate crime. It took the combined efforts of several officers to subdue him, and one officer was kicked in the groin during the scuffle. The record further indicates that appellant had a significant prior criminal record, including a period of incarceration in the King County Jail in the State of Washington.

Sentencing is a matter committed to the discretion of the trial judge, and the defendant has the burden of showing a clear abuse of discretion on appeal. *State v. Chapa*, 98 Idaho 54, 558 P.2d 83 (1976).

The facts of this case, even apart from appellant's prior record, demonstrate that the trial court did not abuse its discretion.[1]

The second point urged on appeal is that the trial court erroneously excluded defendant's Exhibit 1. That exhibit is a hospital record excluded from evidence though offered as a business record pursuant to I.C. § 9-414. That section states:

A record of an act, condition or event, shall, *insofar as relevant*, be competent evidence if the custodian or other qualified witness testifies to the identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission. (emphasis supplied).

Business records must be relevant to be admissible. *Ed Sparks & Sons v. Joe Campbell Const. Co.*, 99 Idaho 139, 578 P.2d 681 (1978). Here, the record indicates that the exhibit was offered to prove that the appellant had x-rays taken of his face some ten days after the incident which led to this conviction. The fact that such x-rays were taken may have been relevant for impeachment purposes had the prosecution contended that appellant was never struck in the face. However, there was no dispute as to that fact. Officer Hayes admitted he struck appellant twice during the scuffle "right in the side of the face or behind the ear." Consequently, the hospital records were not relevant, and there is no need to determine whether such records are admissible under the business records exception to the hearsay rule.

Judgment affirmed.

SHEPARD, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.

---

1. We note that the presentence report was not made a part of the appellate record either originally, or pursuant to Rule 30 of the Idaho Appellate Rules. Failure to include the presentence report, a document of critical importance in the sentencing process, makes it difficult to show abuse of discretion on appeal. *State v. Wallace*, 98 Idaho 318, 563 P.2d 42 (1977).

Wallace explicitly applied several rules to criminal appeals which had long been applied in civil cases. Specifically, it was stated therein:

"Appellants bear the burden of providing this Court with an adequate record which documents and supports their contentions. The appellant bears the burden of demonstrating error in the lower court. (Citations omitted.) In the absence thereof we will not presume error." [Id. at 320, 563 P.2d at 44.]

Wallace was also a sentencing appeal. In that case, the presentence report but not the transcript of the sentencing hearing was included in the appellate record.