604 P.2d 737

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Gregory DILLON, Defendant-Appellant.**

**No. 13050.**

Supreme Court of Idaho.

Dec. 28, 1979.

C. J. Hamilton, Hamilton & Hamilton, Coeur d'Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Steven M. Parry, Deputy Attys. Gen., Boise, for plaintiff-respondent.

Before BAKES, McFADDEN and BISTLINE, JJ., and SCOGGIN and DUNLAP, JJ. Pro Tem.

PER CURIAM.

Pursuant to plea negotiations, appellant Gregory Dillon pleaded guilty on May 9, 1978 to a single charge of first degree burglary and judgment of conviction was entered thereafter. The court ordered a presentence investigation and a psychiatric evaluation, reports of which were made and submitted.

At the sentencing hearing, appellant denied the accuracy of a conclusion in the psychiatric report that his personality was "anti-social," but accepted the accuracy of the factual assertions therein and made no comment concerning the presentence investigation report.

In support of its recommendation for a straight penitentiary sentence, the state presented evidence of appellant's past criminal activities and anti-social attitude.

Deeming the protection of society to be of paramount concern in sentencing appellant, the court imposed a sentence of not less than five years, nor more than fifteen years, in the Idaho State Penitentiary. Dillon appeals from the sentence.

■ The sole issue presented is whether the district court abused its discretion in sentencing appellant to a minimum term of five years in the state penitentiary. We hold it did not.

Appellant contends that in light of his relative youth, twenty years, at the time this crime was committed and the fact he had no prior felony convictions, the district court should have retained jurisdiction for 120 days before pronouncing sentence, or at the most sentenced him to an indefinite term in the penitentiary with no fixed minimum. For these reasons, appellant asks that his sentence of five to fifteen years be reduced by this Court.

■ Sentencing is a matter committed to the discretion of the trial judge, and the defendant has the burden of showing a clear abuse thereof on appeal. *State v. Rice*, 99 Idaho 752, 588 P.2d 951 (1979); *State v. Kingsley*, 99 Idaho 868, 590 P.2d 1014 (1979). In exercising that discretion, reasonableness is a fundamental requirement. *State v. Kingsley, supra.* An examination of the record in this case does not support appellant's contention that his sentence was unreasonable. To the contrary, it appears appellant admitted to having committed nine burglaries in Kootenai County, Idaho, four in Post Falls, Idaho, three or four in Coeur d'Alene, Idaho, three in the State of Washington and approximately thirty in the State of Virginia. He also admitted involvement in illegal firearms traffic. The psychiatrist who con-

ducted a psychiatrist evaluation of appellant stated in his report he considered appellant "a potential predator and danger to be at large in a civilized community." It also appears that the day before entering his plea in this case, while free on his own recognizance, appellant was apprehended in the process of burglarizing a residence.

No abuse of discretion is shown, and the judgment is affirmed.