627 P.2d 330

The STATE of Idaho, Plaintiff-Respondent,

v.

Michael Bradley DELIN, Defendant-Appellant.

No. 13408.

Supreme Court of Idaho.

April 22, 1981.

Owen L. Knowlton of Knowlton & Miles, Lewiston, for defendant-appellant.

**152**

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Appellant Michael Delin pled guilty on May 16, 1979, to a charge of possession of a forged check in the sum of $54.54 in violation of I.C. § 18–3605. A similar charge pending in another county was thereupon dismissed. A presentence report was prepared, and a sentencing hearing was held. At the sentencing hearing, Delin stated that he had no ties in the area and that he had been on his way to California when he committed the crime. He did not show that he had any particular job in mind in the area or that he had been promised any job in the area, nor did he show any reason for staying in the area. The court before pronouncing sentence emphasized that there was little likelihood that Delin would stay in the area and complete any kind of probation since he was just drifting through and had no ties to the community. The court also stated that it had considered "many things," and noted that apparently Delin had had problems with other forgeries at another time, and that the court considered forgery to be a very serious thing. The court then sentenced Delin to the Idaho State Board of Corrections for a maximum indeterminate term not to exceed three years.

The sole issue presented on this appeal is whether the trial court abused its discretion in sentencing Delin to a maximum term of three years. We hold that it did not.

Delin argues that this was a nonviolent crime and his first felony conviction, and that probation is the desirable and preferred option for a first nonviolent offense. Delin also contends that the court did not consider all the relevant factors for proper sentencing, that the only reason given for the sentence was that Delin was a transient.

Sentencing is within the discretion of the trial court, and a defendant has the burden of showing a clear abuse of that discretion. *State v. Dillon*, 100 Idaho 723, 604 P.2d 737 (1979); *State v. Rice*, 99 Idaho 752, 588 P.2d 951 (1979). An examination of the record here does not support Delin's contentions. The trial court considered the likelihood of rehabilitation, the seriousness of the crime and Delin's prior involvement in other similar activities. Further, the sentence given is well within the statutory limits, as the trial court could have sentenced Delin to a determinate term of fourteen years. I.C. §§ 18–3605; 19–2513A.

No abuse of discretion has been shown, and the judgment is affirmed.

BISTLINE, Justice, specially concurring.

In line with that which I wrote in *State v. Bowcutt*, 101 Idaho 761, 620 P.2d 795 (1980) my concurrence is gained only on the premise that the harsh sentence meted out in this case by the district judge is in accordance with the desires and philosophies of the people of Nez Perce County. Sentences of such severity for nonviolent first felony convictions can be expected to serve as a warning to others that nefarious activity will be better conducted elsewhere.

Being aware of crowded conditions in the Idaho penitentiary, and the cost to Idaho taxpayers of maintaining an inmate, I suggest that prison cell space might better be reserved for criminals more desperate than this particular defendant—who, if in need of a lesson in punishment, might have received 90 to 120 days in jail as more befitting his crime.