650 P.2d 638

STATE of Idaho, Plaintiff-Respondent,

v.

Michael C. COUCH, Defendant-Appellant.

No. 13761.

Supreme Court of Idaho.

Aug. 25, 1982.

Herman E. Bedke, Burley, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

Appellant, Michael C. Couch, was originally charged with two counts of delivery of a controlled substance, in violation of I.C. § 37–2732(a)(1)(A). On February 26, 1980, the trial date, pursuant to a plea bargain, the State reduced the two counts against the appellant and the appellant entered a guilty plea to possession with intent to deliver a nonnarcotic drug or substance, in violation of I.C. § 37–2732(b)(1)(B).[1] The trial court after determining that the appellant's plea of guilty was freely, voluntarily, and constitutionally made, accepted the plea. The imposition of sentence was deferred and a presentence report ordered.

On May 19, 1980, after reviewing the presentence report, the trial court sen-

---

1. I.C. § 37–2732(b)(1)(B) provides:

"(b) Except as authorized by this act, it is unlawful for any person to create, deliver, or possess with intent to deliver, a counterfeit substance.

"(1) Any person who violates this subsection with respect to:

. . . .

"(B) Any other counterfeit substance classified in schedule I which is a nonnarcotic drug contained in schedule I or a counterfeit substance contained in schedule III, is guilty of a felony and upon conviction may be imprisoned for not more than five (5) years, fined not more than fifteen thousand dollars ($15,000), or both . . . ."

tenced the appellant to an indeterminate term of not to exceed five years, said five-year term to run consecutively to any existing sentences against the appellant.

The single issue presented on appeal is whether under the facts and circumstances of this case, the sentence imposed by the district court was unduly harsh and amounted to an abuse of discretion.

In determining what sentence to impose, a trial judge has discretion. *E.g., State v. Lopez,* 102 Idaho 692, 638 P.2d 889 (1981); *State v. West,* 102 Idaho 562, 633 P.2d 1140 (1981). To sustain an argument that a sentence which is within the limits prescribed by statute is unduly harsh, the appellant must demonstrate that the trial judge has clearly abused his discretion. *E.g., State v. Lopez, supra; State v. West, supra; State v. Bowcutt,* 101 Idaho 761, 620 P.2d 795 (1980).

Appellant alleges that the circumstances of his case are "compelling," *State v. Dunnagan,* 101 Idaho 125, 609 P.2d 657 (1980), and seeks appellate relief. First, appellant contends that he was denied competent counsel which contributed to his receiving the maximum prison sentence. This contention is grounded upon advice to appellant by counsel with respect to answering certain questions contained in the presentence report. Based on this advice, appellant refused to comment in the report upon two convictions which were under appeal. At the sentencing hearing, however, appellant's counsel explained the failure to comment in the report to the trial judge and appellant was given the opportunity to comment orally. Appellant has failed to demonstrate incompetence of his counsel. *State v. Tucker,* 97 Idaho 4, 539 P.2d 556 (1975). Second, appellant contends that the maximum prison sentence should be reserved for major, habitual offenders. Appellant presents no authority for this philosophical argument. Furthermore, the record reflects that the trial judge was aware of appellant's prior criminal activity which is properly considered in fixing sentence. *State v. Powers,* 100 Idaho 290, 596 P.2d 802 (1979). Appellant next argues that he was

convicted of only one count and thus his sentence should be reduced. This argument is without serious merit. *See State v. Bowcutt, supra; State v. Kohoutek,* 101 Idaho 698, 619 P.2d 1151 (1980). Finally, appellant argues that he was harassed into the criminal activity which gave rise to this sentence. However, appellant fails to present any authority or evidence to support such an argument and error will not be presumed on appeal but must be affirmatively shown. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978).

The record adequately demonstrates the basis for the sentencing decision. The trial judge closely examined the presentence report, considered six letters submitted on appellant's behalf, the facts and circumstances of this offense, the appellant's prior record, the appellant's previous actions and character, rehabilitation prospects, feasibility of probation, and the interest of society. All of these factors comport with what the court was bound to consider by both statute and caselaw. *E.g.,* 1977 Idaho Sess.Laws, ch. 46, p. 85 (enacted as I.C. § 19–2520; compiled as I.C. § 19–2521); *State v. Wolfe, supra* at 384, 582 P.2d at 730. The decision to set the sentence to run consecutively to any existing sentences was within the discretion of the trial court. *State v. Dunnagan, supra; State v. Lawrence,* 98 Idaho 399, 565 P.2d 989 (1977).

Affirmed.

BAKES, C. J., and McFADDEN and SHEPARD, JJ., concur.

BISTLINE, Justice, dissenting.

While it is not open to question that the primary responsibility for sentencing rests with the trial judge, and that its discretion in the matter will not be disturbed on appeal in the absence of a showing of an abuse of discretion, *State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981); *State v. Dillon,* 100 Idaho 723, 604 P.2d 737 (1979), nevertheless, as was recently observed in *State v. Nice,* Idaho, 645 P.2d 323 (1982), it is also true that in exercising that discretion rea-

sonableness is a fundamental requirement, *State v. Dillon*, 100 Idaho 723, 604 P.2d 737 (1979), and this Court should examine the circumstances of each case to determine whether the punishment imposed is excessive. *State v. Weise*, 75 Idaho 404, 273 P.2d 97 (1954); *State v. French*, 95 Idaho 853, 522 P.2d 61 (1974) (Shepard, C. J., and Bakes, J., dissenting). In this regard, the scope of review in cases where a sentence is alleged to be excessive in length requires that this Court make an independent examination of the record, "having regard to the nature of the offense, the character of the offender and the protection of the public interest." *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). *See* ABA Standards Relating to Appellate Review of Sentences, at 7–8 (Approved Draft 1968). *See also*, dissenting opinion of Bistline, J., in *State v. Adams*, 99 Idaho 75, 577 P.2d 1123 (1978). *And see* brief of the State of Idaho in *State v. Greene*, 102 Idaho 897, 643 P.2d 1067 (1982).

The Court's opinion, while it will stand casual scrutiny, should in my opinion unfold more than it does, especially as to the consecutiveness of the five-year sentence. In lay parlance, this means that the five years of prison time is *in addition* to any other sentences laid on Couch. The State's brief informs us that Couch had just been convicted by a jury of two counts of felony in Caldwell, and Couch's brief adds that he had been sentenced to ten years—that is to say, two consecutive five-year sentences. The question Couch's attorney presents is whether Couch really needed that much deterrence to take him out of the drug business into which he had admittedly ventured.

At oral argument Couch's attorney pointed out that all three violations, the two counts in Caldwell, and the one now before us, were part and parcel of his ill-starred enterprise, and on that basis alone imposing a sentence which caused the accumulated prison time to fifteen years was unduly harsh. The argument is made that such severe sentencing "should only be used for major, habitual offenders of the law," as the State characterizes the thrust of Couch's brief. Responsive thereto, the

State counters that defendant's past criminal record showed the defendant had been in possession of beer illegally in 1970; that in 1972 the defendant had been charged with possession of marijuana for which offense, reduced to a misdemeanor, he had been put on probation, and, of course, had just recently been convicted of the Caldwell counts which gained him the first ten years of his fifteen year total.

If it is to be the philosophy of this Court that possession of beer (a status offense) and possession of marijuana (considered by many people as a status offense) are henceforth to be the hallmark of habitual criminals, a substantial number of our young people should be made aware that they may well expect to be sentenced to prison for ⅓ to ¼ of their adult life when they some eight and ten years later again fall into the toils of the law. Unfortunately, although deterrence is likely the main guiding factor in the Court's opinion, such forewarning to other beer and marijuana possessors is not found in the Court's opinion.

In *State v. French, supra*, the two dissenting justices, who in this case join the Court's opinion, were of the opinion that a 25-year sentence for forcible rape (involving a kidnapping at knife-point) was excessive, and should be reduced to five years, that defendant's prior record consisting only of traffic offenses. The *French* dissent states that that defendant "received an honorable discharge after serving two years in the armed forces." This is also true of Couch. The *French* dissent notes that defendant had a minor child; also equally true with Couch. Additionally, that dissent points to French's employment at the time of sentencing, that his employer was satisfied the defendant was a good worker and dependable, and his employer's intention to continue the employment if probation was granted. So, too, was Couch employed, and his employer, Hanna Cycles of Pocatello, Idaho, was satisfied with his work and customer relations, and would continue his employment. Six persons of Couch's acquaintance wrote letters commendatory on his behavior and future potential.

Surely it will be difficult for the practitioner to reconcile the *French* dissent with the contrary view taken today; many will view forcible rape as a less desirable conduct than attempting to enter the illicit drug business. As the State argued in *State v. Greene, supra,* in lamenting this Court's failure to embark upon an attempt to create uniformity in sentences through appellate overview:

"There appear to be two fundamental arguments for sentence modification on appeal: (1) The sentence does not meet the crime or the circumstances of the case; and (2) Society is best served by an even-handed administration of punishment throughout the State, requiring the appellate court to work toward sentence uniformity for cases involving similar crimes and circumstances." 102 Idaho at 899, 643 P.2d at 1069.

On the positive side, and I believe somewhat responsive to the State's plea for some uniformity, in *State v. Nice, supra,* the Court exercised its five-member consensus and reduced a child (14 years) molestation sentence from ten years to six years. In *State v. Dunnagan,* 101 Idaho 125, 609 P.2d 657 (1980), the Dunnagan brothers, as is the case with Couch, failed to confine their activities to one county, and coming, as here, before more than one district judge to answer for their admitted misdeeds (various grand larcenies and burglaries committed in a four-day crime spree) received consecutive and concurrent sentences—all within the statutory law—which accumulated to sentences which were "more than double the length of their current natural lives . . . ." *Id.* at 126, 609 P.2d 658. This Court on appeal directed modification of sentences so that all would run concurrently.

We should do no less in this case. Indeed, the State's suggestion of a try at uniformity, taken together with the harshness of the sentence imposed, requires that we do so.

As a concluding remark, if my understanding of the federal practice is correct, Couch's fate for his criminal effort—which incidentally seemed to consist largely of selling to narcotic undercover agents—would have come before a single judge. This would also be true if he stood charged in more than one state, where such a defendant is afforded the opportunity to waive his right to insist on trial where he stands charged. It would seem that in the interests of judicial economy and to avoid apparent miscarriages such as this, the legislature might give the proposition some thought.

This defendant surely was in need of some imprisonment, but the benefit to him and to society as well could very likely have been equally well served by a five-year sentence running concurrently with the Caldwell sentences which, by the way, if my memory of oral argument serves me, were also being appealed. Hence, should those sentences for any reason not stand, the State will nevertheless have custody of Couch under the imposition of a five-year sentence; five years in prison for an offender who has never been there should suffice to keep Couch from returning to the easy money of the drug trade, if he is so inclined to be turned. With interest I note that his pre-sentence investigator recommended that the defendant have both mental health and drug abuse counseling, and someone from law enforcement submitted a reimbursement claim for $600 of State money used to purchase the substance in question and a similar amount for vehicle expense expended in traveling about to keep contact with Couch. All in all, one does not get the picture that law enforcement sizes Couch up as a young man that they want to warehouse for fifteen years.