789 P.2d 523

STATE of Idaho, Plaintiff–Respondent,

v.

Douglas PARKER,
Defendant–Appellant.

No. 17936.

Court of Appeals of Idaho.

March 1, 1990.

Petition for Review Denied
April 27, 1990.

Alan Trimming, Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen. (argued), for plaintiff-respondent.

SWANSTROM, Judge.

Douglas Parker pled guilty to the felonies of burglary and rape, for which he received concurrent sentences. One of these is an indeterminate life sentence, with a minimum of ten-years incarceration, for the rape. Parker appeals, arguing that the sentencing court abused its discretion in light of the circumstances surrounding his case. For the reasons cited below we affirm the sentences as imposed by the district court.

The state's version of the facts, which the judge accepted during the sentencing hearing, may be summarized briefly. Parker entered the victim's home through a bedroom window. When the victim arrived home from work in the early morning hours, she noticed the sliced window screen. The victim started to check her apartment for intruders. When she opened the hall closet, Parker jumped out wielding a large hunting knife. Parker then proceeded to choke, strike and rape the victim. Following the rape, he threatened and choked the victim again. After Parker left the victim's home, she reported the attack immediately and later identified Parker as her attacker.

Pursuant to a plea agreement, Parker pled guilty to the charges of first degree burglary and rape and the state dismissed a charge of attempted murder. The district court accepted Parker's guilty plea after determining that it had been made voluntarily, knowingly and intelligently. At the sentencing hearing, the court considered testimony from Parker's psychologist, family, friends, and past employers. Parker also testified on his own behalf. The court sentenced Parker to serve a term of fifteen years, with a five-year minimum term of confinement, for first degree burglary. For the rape, Parker was sentenced to a life term with a ten-year minimum confinement period. The sentences were to run concurrently.

■ The crime of burglary in the first degree may be punished by imprisonment in the state prison for not less than one year nor more than fifteen years. I.C. § 18–1403. The crime of rape may be punished by imprisonment for not less than one year and may be extended to a term of life. I.C. § 18–6104. Sentences within the statutory maximums will not be disturbed on appeal absent a clear showing of an abuse of discretion. *State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981); *State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979). Neither of Parker's sentences was greater than the statutory maximum.

■ In applying the clear abuse of discretion standard, Idaho appellate courts traditionally have looked to the extent to which the sentence satisfies the four objectives of sentencing: the protection of society, deterrence, rehabilitation, and punishment or retribution for wrong doing. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Parker committed these crimes after the effective date of the Unified Sentencing Act. I.C. § 19–2513. When reviewing sentences on appeal, sentences imposed under the Unified Sentencing Act ordinarily will be treated as though the period of confinement will be the minimum period specified in the judgment of conviction. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). In determining whether this period is reasonable, the reviewing court must make an independent examination of the record, having regard to the nature of the offense and the character of the offender. *State v. Shideler,* 103 Idaho 593, 651 P.2d 527 (1982); *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

■ Parker argues that the sentencing court did not give adequate weight to his character and his potential for rehabilitation. He points to the absence of a criminal record, his relative youth at twenty-three years of age, and the facts that he was married and had an infant child at the

time of sentencing. Parker also notes a psychologist testified that Parker was likely amenable to treatment and the prognosis was reasonably positive. A plan for treatment based on a jail placement was proposed.

The state urges consideration of the nature of the offense, including the impact of Parker's conduct upon the victim. Idaho Code § 19–5306(1)(b), (c) grants victims the right to be consulted by the presentence investigator during the preparation of the presentence report and allows the victim the opportunity to address the court under oath at the sentencing hearing. The victim exercised her right to make a statement at the change of plea hearing and in the presentence report. She expressed her anger at Parker's conduct. She also stated that the attack has rendered her fearful, made it difficult for her to relate to people, interrupted her sleep patterns and adversely affected her self esteem.

*State v. Shideler, supra,* is a case where the "character of the offender" was weighed against the "nature of the offense," producing a modification of the sentence by the Supreme Court. Shideler committed a robbery. At the time, Shideler had no prior criminal record, was unemployed and was in poor mental and physical health. Approximately one year after Shideler's arrest, while free on bond, he had recovered from his abuse of prescription medications, was gainfully employed and accepted full responsibility for his actions. Because of Shideler's dramatic turnaround, the Supreme Court reduced his sentence.

However, we see subtle but important distinctions between *Shideler* and this case. Parker has denied battering the victim, although the judge found the victim's testimony credible. He has offered excuses for his actions, such as a belief that women fantasize about being raped, that sexual relations with his then-pregnant wife had been irregular, and that he had observed the victim sunbathe in a bikini and wearing shorts while washing her car. Even after pleading guilty, Parker continued to give unbelievable reasons for his entry into the victim's apartment through the bedroom window in the early morning hours. Parker has not displayed the remorse and acknowledgement of wrongdoing that characterized the *Shideler* case.

Parker, his family and friends claim that his actions were completely out of character. However, Parker admitted to voyeuristic conduct and a practice of taking women's underwear from community clothes dryers. According to a psychologist, some testing of Parker showed a strong arousal pattern to aggressive kinds of sexuality. The psychologist testified that this trait was probably longstanding and enduring. While Parker and his family are willing to commit financially towards his rehabilitation, we must consider the violent offense and the totality of information about the offender.

Parker's professed desire for rehabilitation and his family's support is worthy of consideration but is not necessarily an accurate indication of Parker's future noncustodial conduct. Furthermore, the sentencing judge took Parker's potential rehabilitation into account when weighing all the circumstances.

Retribution or punishment which, by a society, is my job, that is my job here today, is part of the sentencing criteria I use in this matter. The fact that this is a first time offender makes me take into account the fact that I should not be as serious and harsh on you as a third time offender that did what you did, that's for sure.

What do I want to do, in purpose of my sentencing which I will structure? I want to keep you locked up for an extensive length of time. I don't want you ever out if there's some chance that you will do something to someone else like you did to this lady.... I think there's got to be a message given in this community, and the people, I think, want me to do so. That we don't condone savage, willful, obscene, violent conduct such as occurred here.

Now, I hope you can be treated. That will be good for me, society, your family and everyone here....

We hold that Parker did not establish that his sentence was excessive in light of the need to accomplish the primary objectives of protecting society and to achieve any or all the related goals of deterrence, rehabilitation, or punishment. We affirm the judgment imposing the sentences.

WALTERS, C.J., and BURNETT, J., concur.