804 P.2d 1364

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Douglas Edward SMITH and Michael Donald Covey, Defendants–Appellants.**

No. 18719.

Court of Appeals of Idaho.

Jan. 31, 1991.

Alan E. Trimming, Ada County Public Defender, Tim Hansen, Deputy Public Defender, of Boise, for defendants-appellants.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., of Boise, for plaintiff-respondent.

SILAK, Judge.

Douglas Smith and Michael Covey pled guilty to charges of grand theft and first degree burglary. The district court sentenced Covey to two concurrent sentences of ten years in the custody of the Board of Correction with a minimum period of confinement of three years. The court sentenced Smith to two concurrent sentences of six years with a one-and-a-half year minimum. Smith and Covey now argue that the district court abused its discretion by refusing to retain jurisdiction to allow defendants to obtain rehabilitative treatment for their respective alcohol abuse problems. For the reasons stated below, we affirm.

On Super Bowl Sunday of 1990, a couple and their new baby left their home to attend a party. Smith and Covey, who had both been drinking, were driving around a residential area and spotted their house. No one appeared to be home, so they parked the car and prowled around the house. Covey broke a window to the house. They returned to their car and waited for a police response. Seeing no response, they returned to the house. Smith climbed through a window, which happened to be in the baby's room, and let Covey in through the front door. They ransacked the house and took an estimated $760 worth of property.

While Smith and Covey were still pillaging the house, the couple returned home. When he entered the house, the husband heard a commotion. He ran around the side of the house and tackled Smith as he was trying to escape. Later, while police officers were investigating the crime scene, Covey returned. The victim accused Covey of being the second intruder. Both Smith and Covey were arrested and later confessed to the crime.

Neither Smith nor Covey claims that his sentence exceeds the statutory maximum.

The maximum sentence for burglary in the first degree is fifteen years. I.C. § 18–1403. The maximum prison sentence for grand theft, as defined by I.C. § 18–2407(1)(b)(1), which is the subsection applicable to both Smith and Covey, is fourteen years. I.C. § 18–2408(2)(a).

The primary responsibility for sentencing rests within the discretion of the trial judge. *State v. Delin*, 102 Idaho 151, 152, 627 P.2d 330, 331 (1981). In evaluating sentences imposed under the Unified Sentencing Act, I.C. § 19–2513, the minimum fixed period generally will be treated as the probable measure of confinement for the purpose of sentence review. *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989), see also *State v. Kysar*, 116 Idaho 992, 783 P.2d 859 (1989). Because the sentences are within the statutory maximum, we will uphold them on appeal unless the sentencing court abused its discretion. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).

Smith and Covey argue that the district court abused its discretion because it did not adequately consider their drinking problems when it imposed the sentences. The defendants have the burden of demonstrating that the trial court abused its discretion in a sentencing matter. *State v. McPhie*, 104 Idaho 652, 656, 662 P.2d 233, 237 (1983). Reasonableness is a fundamental requirement in the exercise of discretion at sentencing. *State v. Nice* at 90, 645 P.2d at 324 (1982). Several factors are relevant in deciding whether a particular sentence is reasonable. The primary consideration in sentencing is the good order and protection of society; though humanitarian considerations and rehabilitation are important to our society, they cannot be allowed to control or defeat punishment, or to force our courts to ignore or subordinate other factors to the detriment of our society. *See State v. Moore*, 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956).

A sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The reasonableness of the sentence must be considered in light of the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler*, 103 Idaho 593, 594, 651 P.2d 527, 528 (1982); *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

Defendants here assert an abuse of discretion in the decision of the district court not to retain jurisdiction. In *State v. Chapel*, 107 Idaho 193, 194, 687 P.2d 583, 584 (Ct.App.1984), we addressed this issue as follows:

> The purpose of the retained jurisdiction statute, I.C. § 19–2601(4), is to allow the trial court additional time to evaluate the defendant's rehabilitation potential and suitability for probation. Probation is the ultimate objective sought by a defendant who asks a court to retain jurisdiction. *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707 (Ct.App.1982). The choice of probation is committed to the sound discretion of the trial court. *Id.* The standard of review of sentencing decisions, including those where probation is an issue, is the "clear abuse of discretion" standard. The "clear abuse" standard should focus on the criteria set forth in I.C. § 19–2521. Refusing to retain jurisdiction will not be deemed a "clear abuse of discretion" if the trial court has sufficient information to determine that a suspended sentence and probation would be inappropriate under I.C. § 19–2521.

The transcript of the sentencing hearing reflects the district court's proper consideration of sentencing factors, including those relating to probation. The district court had before it the presentence investigation reports which indicated that both Smith and Covey had extensive prior criminal records. The court concluded that both men would likely fail on any type of probation program and noted the importance of protecting society from them. The court

also expressed its concern for both defendants' alcoholism and drug problems and recommended that both defendants be afforded the benefit of the alcohol and drug abuse counseling programs available in the penitentiary. We conclude that the court properly considered the relevant sentencing factors, and we are unable to discern any abuse of discretion by the trial court in refusing to retain jurisdiction.

For the foregoing reasons, we affirm the judgments of conviction including the sentences imposed by the trial court.

WALTERS, C.J., and SWANSTROM, J., concur.