844 P.2d 29

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Antonio Carmen Dominic GALAVIZ, aka Paul Randall Cox, Defendant–Appellant.**

**No. 19213.**

Court of Appeals of Idaho.

Dec. 23, 1992.

Stewart A. Morris, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

Antonio Galaviz appeals from a judgment of conviction and concurrent sentences of fifteen to thirty years on two counts of robbery. I.C. § 18–6501. He raises as his sole issue on appeal the excessiveness of his sentences. We affirm.

The indictment against Galaviz alleged that in the early morning hours of September 22, 1990, Galaviz, accompanied by another man, entered a Circle K Store, held a knife against the back of the female clerk, who was nine months pregnant, and demanded that she open the till and hand him the money. The two made off with $337.97. Then, the two men entered a Go–Fer Gas convenience store where Galaviz held the knife to the female clerk's throat, and threatened her until she gave him the money in the register, $72. With a positive identification of the two men by the victims and all of the evidence presented at trial, Galaviz was convicted on both robbery counts.

The district court ordered a presentence investigation report and set the matter for sentencing. On May 29, 1991, the court entered a judgment of conviction and sentencing order imposing on each count a unified sentence of thirty years, with a minimum fixed period of incarceration of fifteen years. The court ordered that the sentences be served concurrently. The court also specifically included a statement that it declined to retain jurisdiction.

Sentencing is within the discretion of the trial court and will not be disturbed unless the sentence appears to be an abuse of discretion. *State v. Hooper,* 119 Idaho 606, 809 P.2d 467 (1991). A sentence which is within the limits prescribed by the statute will ordinarily not be viewed as an abuse of discretion by the trial court. *State v. Osborn,* 104 Idaho 809, 663 P.2d 1111 (1983). In this case, Galaviz' sentence of an aggregate term of thirty years is within the sentence limits of I.C. § 18–6503, which provides for a maximum penalty of life imprisonment. On review, we will not conclude that the sentencing judge abused his discretion unless the sentence is unreasonable under the facts of the case. *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991), *overruled on other grounds* by *State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992).

In pronouncing sentence, the district judge expressly considered the objectives of sentencing, placing particular emphasis on the protection of society. *See State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). Galaviz was thirty-four years old when sentenced. From the presentence report, the judge learned that Galaviz had many prior offenses, including convictions for three robberies, assault, burglary, theft, and driving under the influence, and

a history of substance abuse. The judge noted that, in spite of his past dealings with the criminal justice system, Galaviz had not been deterred from criminal behavior and would more than likely continue to commit crimes.

In mitigation, the district judge recognized that Galaviz was reasonably articulate and intelligent, had held a job and had people who thought reasonably highly of him. It was obvious to the judge, however, that alcohol and drugs played a part in Galaviz' illegal activities and that for some reason, Galaviz could not refrain from these activities. In sum, the judge viewed Galaviz as "an absolute undue risk" and characterized the armed robbery charges as very serious crimes. From the record before us, therefore, we cannot say that Galaviz has met his burden to show any abuse of discretion on the part of the judge in imposing a thirty-year sentence on Galaviz, which required a minimum of fifteen years' incarceration. *See State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989).

We affirm the judgment of conviction on two counts of robbery and the sentences as imposed.

WALTERS, C.J., and SILAK, J., concur.