845 P.2d 585

STATE of Idaho, Plaintiff–Respondent,

v.

James Oscar SHAFFER, Sr.,
Defendant–Appellant.

No. 19992.

Court of Appeals of Idaho.

Jan. 4, 1993.

Alan E. Trimming, Ada County Public Defender, Timothy L. Hansen, Deputy Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

James Oscar Shaffer, Sr., appeals from a judgment of conviction and sentence of two to ten years on one count of robbery. I.C. § 18–6501. He raises as his sole issue on appeal the excessiveness of his sentence. We affirm.

The criminal complaint filed against Shaffer charged him with robbing a First Security Bank of approximately $2,865.00. After a preliminary hearing, an information was filed charging Shaffer with one count of robbery. Shaffer initially pled not guilty but later changed his plea to guilty. The district court ordered a presentence report and a psychological evaluation, and held a sentencing hearing at which the above sentence was imposed.

Sentencing is within the discretion of the trial court and will not be disturbed unless the sentence appears to be an abuse of discretion. *State v. Hooper*, 119 Idaho 606, 809 P.2d 467 (1991). A sentence which is within the limits prescribed by the statute will ordinarily not be viewed as an abuse of discretion by the trial court. *State v. Osborn*, 104 Idaho 809, 663 P.2d 1111 (1983). In this case, Shaffer's sentence of an aggregate term of ten years is within the sentence limits of I.C. § 18–6503, which provides for a maximum penalty of life imprisonment. On review, we will not conclude that the sentencing judge abused his discretion unless the sentence is unreasonable under the facts of the case. *State v. Broadhead*, 120 Idaho 141, 144–45, 814 P.2d 401, 404–05 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992).

 In pronouncing sentence the district court must focus on the nature of the offense and the character of the offender. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978); *State v. Nice*, 103 Idaho 89, 91, 645 P.2d 323, 325 (1982). As to the nature of the offense, Shaffer robbed a bank after planning the robbery for approximately a month. Shaffer disguised himself with a ski mask and heavy coat. He had purchased a toy gun and painted it to look like a real pistol before entering a bank and demanding money from the bank employees just before closing time. Shaffer removed his disguise and eluded police before returning to his home where he was seen hiding the money. The police were alerted by the person who saw him hiding the money and Shaffer was apprehended later the same night in his home.

As to his character, Shaffer spent twenty-eight years as a successful educator in Idaho. He was a well-respected principal, coach, and referee, always receiving excellent evaluations by his peers. Shaffer's troubles began in 1983 when he spent some time in the hospital where he was first diagnosed as a manic depressive. He was forced to retire from the field of education. He later worked as a truck driver, but when his employers found out that he had a disorder that required him to take medication he was terminated. During the year before the present incident Shaffer was a security guard for Boise State University, however, this job ended after he stole a shotgun from the University. Shortly after the shotgun incident and a few months before robbing the bank, Shaffer again spent some time in the hospital for depression. This last episode was brought on by his failure to take his medication.

The presentence report contained many letters of support for Shaffer and the psychological report indicated he would do well whether on probation or incarcerated if he took his medication, however, the presentence investigator recommended incarceration. After recognizing that this was a particularly difficult case the district court sentenced Shaffer to a unified term of ten years with two years fixed. The court noted all of the goals that must be considered when a sentence is imposed, and particularly stressed deterrence.

The district court followed all of the necessary criteria in arriving at a sentence in this case. The sentence imposed is reasonable and is not excessive under the circumstances. The judgment of conviction, including the sentence imposed, is affirmed.