844 P.2d 721

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John Clemente GONZALES, III, Defendant–Appellant.**

**No. 19785.**

Court of Appeals of Idaho.

Jan. 5, 1993.

---

Alan E. Trimming, Ada County Public Defender, Edward B. Odessey, Deputy Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

## PER CURIAM.

John Clemente Gonzales, III, appeals his sentence of ten to thirty years for robbery. I.C. § 18–6501. He asserts that his sentence is unreasonable because the sentencing court failed to properly consider Gonzales's age, lack of criminal history, substance abuse problem and the costs to society of incarceration. We affirm.

Gonzales was initially charged with one count of robbery and one count of aggravated battery. A plea bargain agreement resulted in Gonzales pleading guilty to one count of robbery and the state dismissing the assault charge. Following preparation of a presentence report (PSI), the above sentence was imposed.

■ Sentencing is within the discretion of the trial court and will not be disturbed unless the sentence appears to be an abuse of discretion. *State v. Hooper,* 119 Idaho 606, 608, 809 P.2d 467, 469 (1991). A sentence which is within the limits prescribed by the statute will ordinarily not be viewed as an abuse of discretion by the trial court. *State v. Osborn,* 104 Idaho 809, 810, 663 P.2d 1111, 1112 (1983). In this case, Gonzales's sentence of a unified thirty years is within the limits of I.C. § 18–6503, which provides for a maximum penalty of life imprisonment. On review, we will not conclude that the sentencing court abused its discretion unless the sentence is unreasonable under the facts of the case. *State v. Broadhead,* 120 Idaho 141, 144–45, 814 P.2d 401, 404–05 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992).

■ In pronouncing sentence the district court must focus on the nature of the offense and the character of the offender. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978); *State v. Nice,* 103 Idaho 89, 91, 645 P.2d 323, 325 (1982). As to the nature of the offense, Gonzales entered a convenience store and attempted to buy beer. The clerk refused to sell him the beer because he was under age whereupon Gonzales pulled a sawed-off shotgun from his coat and instructed the clerk to give him money. When the clerk attempted to call the police Gonzales shot her, hitting her in the arm. Gonzales left the store with the beer, stole a vehicle, and fled to Ontario, Oregon where he was later apprehended. The record, particularly the PSI, provides insight into the nature of the crime involved and Gonzales's character. As the district court noted, robbery at gun point is a very serious crime; the clerk was permanently disfigured and could have been killed.

As to Gonzales's character, he was eighteen at the time of the offense and had dropped out of school during high school. He was subjected to an abusive childhood, living in numerous broken homes. Gonzales was introduced to drugs and alcohol at a very young age and admits to being chemically dependent. Contrary to Gonzales's argument, the district court considered his age, lack of prior criminal convictions, and substance abuse problem when it imposed sentence. The record clearly shows that the district court also consid-

ered the goals of sentencing required by *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982), placing major importance on protecting society. We hold that the sentence is reasonable and not excessive under the circumstances of this case, and conclude the district court did not abuse its discretion.

The judgment of conviction and sentence are affirmed.