826 P.2d 1348

STATE of Idaho, Plaintiff–Respondent,

v.

George Harold KERSEY, Defendant–Appellant.

No. 19278.

Court of Appeals of Idaho.

March 2, 1992.

Alan E. Trimming, Ada County Public Defender; Eric Rolfsen, Deputy Public Defender, Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Joel D. Horton, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

George Harold Kersey was charged with first degree murder and with the use of a firearm in the commission of a felony after he shot and killed an acquaintance, Michael Arnevik. Pursuant to a plea bargain, the information later was amended by deleting the firearm allegation and by charging that Kersey had committed murder in the second degree, upon Kersey's agreement to plead guilty to the amended charge. The district court accepted Kersey's plea of guilty, entered a judgment of conviction and imposed a life sentence in the custody of the Board of Correction with a minimum period of confinement of seventeen years. On appeal, Kersey contends that the district court abused its discretion by imposing an excessive sentence. We affirm.

■ Kersey's sentence is within the statutory maximum of life in prison permitted for second degree murder. I.C. § 18–4004. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). Thus, we view Kersey's actual term of confinement as seventeen years. Kersey must establish that under any reasonable view of the facts a period of con-

finement of seventeen years for his conviction for second degree murder was an abuse of discretion. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

■ On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). The pertinent facts of this case can be stated as follows. On the evening of November 26, 1990, Kersey, Michael Arnevik, and three other people were in a small apartment in Boise, drinking beer and wine. Kersey and Arnevik had been acquaintances for about two months. Over a two-week period preceding November 26, Kersey had been developing feelings of animosity toward Arnevik. Kersey later reported that his dislike for Arnevik stemmed from his perception that Arnevik "liked to take advantage of people, and he liked to do a lot of thieving." While they were drinking the wine in the apartment, Kersey became upset with Arnevik because Arnevik took his time in passing the bottle along and appeared to Kersey to be "hogging the wine." Kersey also was bothered by Arnevik's advances toward a woman in their company. When Arnevik arose from the floor where he had been seated, Kersey drew a handgun and shot Arnevik five times, killing him instantly. Kersey fled and was arrested a few days later in Elko, Nevada. He waived extradition to Idaho.

The presentence report shows that this is Kersey's eleventh felony conviction. He was 58 years old at the time he was sentenced in this case. His adult criminal record dates back to 1950. He has spent approximately thirty years of his life in penal institutions.

■ During the sentencing proceeding, the prosecuting attorney directed the court's attention to the sentencing criteria outlined in *Toohill, supra.* The district court expressed its recognition of the necessity of considering those criteria. In his comments, the judge stated that he viewed

the protection of society, deterrence and punishment as important factors to be considered in determining an appropriate sentence in this case. The court noted that a lesser sentence would depreciate the seriousness of the crime—characterized by the court as a "senseless killing." The court noted that Kersey was a multiple offender in need of long-term correctional treatment. The court said: "I think [that] most important in this case is the protection of society from long-standing antisocial activities on your behalf, questions of deterrents, personal to you, general to others and punishment." The court took into account an argument by Kersey's attorney that the court should consider Kersey's age and health conditions which consisted of emphysema, an enlarged liver and high blood pressure. Nonetheless, the court determined that "I have to set a sentence that I think is the absolute minimum reasonable limit that you must serve in an incarcerated condition...." The court then imposed a life sentence with seventeen years required confinement before Kersey could be considered for parole. I.C. § 19–2513.

It is clear in this case that the court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. As our Supreme Court has noted, the seriousness of a homicide offense mandates a punishment in the form of a substantial prison sentence. *State v. Hooper*, 119 Idaho 606, 609, 809 P.2d 467, 470 (1991). A substantial sentence in this regard reflects society's condemnation of the defendant's conduct, deters other members of society from engaging in similar conduct, and protects society from future crime. *Id.* Upon reviewing the record, we cannot say the court below abused its discretion. The sentence imposed by the court was reasonable.

Accordingly, the judgment of conviction and sentence are affirmed.