832 P.2d 1160

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Billy Eugene BRADY, Defendant–Appellant.**

**No. 19104.**

Court of Appeals of Idaho.

June 29, 1992.

Gara B. Newman, Rupert, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

SILAK, Judge.

Billy Eugene Brady pled guilty to one count of murder in the second degree, I.C. §§ 18–4001 and –4003. He appeals from the judgment of the district court imposing a unified sentence of life in the custody of the Board of Correction, with a minimum period of confinement of twelve years. Brady argues that his sentence is unreasonable. We affirm.

Brady's sentence is within the statutory minimum of ten years and maximum of life imprisonment for murder in the second degree. I.C. § 18–4004. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead,* 120 Idaho 141, 144–45, 814 P.2d 401, 404–05 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Brady's actual term of confinement as twelve years. Brady must establish that under any reasonable view of the facts a period of confinement of twelve years for his crime was an abuse of discretion. This Court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill,* 103 Idaho at 568, 650 P.2d at 710. In conducting a sentence review, we independently examine the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

The salient facts may be summarized briefly. On May 9, 1990, Brady went to the home of the victim in Rupert, Idaho, a woman whom he apparently did not know. A struggle ensued, and Brady stabbed the victim repeatedly. The victim bled to death as a result of twenty-six knife wounds inflicted from approximately seven different knives. A physician's testimony characterized the victim's wounds as a combination of forceful blows and glancing or slashing cuts, and several of the wounds were defensive wounds. The victim's hands clutched hair, and tissue was found under her nails. Evidence found at the victim's residence revealed a tremendous struggle involving several rooms of the house, with blood sprayed on the walls, gouged sheetrock and shattered pottery.

The presentence report indicated that Brady had a chaotic, abusive, and unstable childhood in the state of Texas and was the

victim of physical violence and sexual abuse. He lacked parental supervision from a young age, and began using alcohol and drugs by age nine. By age thirteen he was living on the streets. At age sixteen, Brady was referred to a shelter care facility and later placed by the Texas Department of Human Resources in the foster home of a minister and his family. Brady moved with the family to Idaho when he was twenty years old.

Brady's foster family attempted to teach Brady some values that had been lacking in his life. They report their interaction with Brady as being "bumpy" for the five-year period in which he was involved in their lives and described him as being immature, irresponsible, and untrustworthy. Although he remained fairly well under control as long as they were immediately involved in his day-to-day existence, he continued to be drug-and-alcohol involved, and would vacillate between the lifestyle of his foster family and the lifestyle he grew up with. Brady's juvenile record includes battery, theft and possession of marijuana. He has a ninth grade education.

Brady moved from his foster home to the home of his girlfriend's family three months prior to the instant offense; he was twenty-one years old and had no prior criminal record as an adult at that time. He claims to have been under the influence of cocaine and alcohol on the day of this offense, but insists that he has complete recall of the events that occurred. A psychological report indicates that Brady has high levels of depression, anger, resentfulness, hostility, and overall poor impulse control; that he fails to learn from experience; resents authority; suffers from impaired judgment; and has difficulty separating fantasy from reality.

At the sentencing hearing, the district judge commented that Brady's actions led to a tragic death. The exhibits and descriptions revealed the tremendous pain and suffering experienced by the victim during the crime. The district judge further stated that the defendant is now trying to blame someone or something else for what happened. He agreed that Brady's upbringing may have been a contributing factor, but he also noted Brady had been placed with a foster family in an attempt to provide rehabilitation. Brady chose to commit the crime and must accept responsibility for his actions.

■ This homicide was a tragic crime resulting in the loss of human life and a tragedy for the victim's family. It is well-established that homicide is a serious crime and must be punished accordingly:

> As our Supreme Court has noted, the seriousness of a homicide offense mandates a punishment in the form of a substantial prison sentence. *State v. Hooper*, 119 Idaho 606, 609, 809 P.2d 467, 470 (1991). A substantial sentence in this regard reflects society's condemnation of the defendant's conduct, deters other members of society from engaging in similar conduct, and protects society from future crime. *Id.*

*State v. Kersey*, 121 Idaho 636, 638, 826 P.2d 1348, 1350 (Ct.App.1992). The district court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. In light of the sentencing criteria, the sentence is reasonable.

The judgment of conviction for murder in the second degree, including the sentence imposed, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.