**In re Application of Walter Andrew MORRIS For a Writ of Habeas Corpus.**

No. C-C-83-238-P.

United States District Court, W.D. North Carolina, Charlotte Division.

May 18, 1983.

Walter Andrew Morris, pro se.

Barry S. McNeill, Asst. Atty. Gen. of N.C. and Rufus Edmisten, Atty. Gen. of N.C., Raleigh, N.C., for respondents.

FINAL ORDER OF DISMISSAL

POTTER, District Judge.

Walter Andrew Morris, a prisoner of the State of North Carolina, has filed a petition for a writ of habeas corpus to challenge his extradition to Pennsylvania to face criminal charges in that state. By Order filed April 25, 1983 this Court allowed the petition to be filed *in forma pauperis*, stayed the extradition of Petitioner for twenty-one days, and directed the Attorney General of North Carolina to file a response within fifteen days.

The Attorney General has filed a response and a motion to dismiss the petition. Petitioner has filed a further response to the Attorney General's answer and motion

to dismiss, as well as a supplemental memorandum.

Having examined the entire record, this Court finds that Petitioner has exhausted state remedies with regard to the claims raised in his original federal court petition. With regard to Petitioner's supplemental memorandum filed on May 11, 1983, this Court finds claims five and six raised therein to be but restated and generalized versions of other claims previously raised in the state courts. Further, this Court finds claim number seven in the supplemental memorandum, regarding Petitioner's demotion in custody status in the prison system of North Carolina, to be frivolous and totally irrelevant to the inquiry as to whether or not Petitioner may be extradited to Pennsylvania. Claim seven raised in the supplemental memorandum is consequently dismissed.

Although Petitioner is presently proceeding *pro se,* he has previously been represented by counsel who has filed lengthy briefs and exhibits in proceedings before the governor and state courts of North Carolina. Upon examination of these materials, the federal court petition, the response and exhibits filed by the attorney general, and all the other pleadings filed in this case, the Court concludes, for the reasons stated below, that Petitioner is not entitled to a writ of habeas corpus and herewith dissolves the stay of extradition and dismisses the petition.

### I.

Petitioner, represented by counsel, has raised the present issues in proceedings before the governor of North Carolina and the Superior Court for Stanley County, both of which made factual findings and conclusions of law and denied relief. Petitioner does not contest any of the findings of fact made by the governor or by Superior Court Judge Thomas W. Seay, Jr.

In his order of February 7, 1983, Judge Seay entered several findings of fact and conclusions of law. Pertinent to the present issue are the following findings of fact taken from Judge Seay's February 7, 1983 order:

(16) On July 22, 1982, the District Attorney [for North Hampton County, Pa.] filed an Information charging Morris with some of the same crimes for which he was arrested on February 2, 1982.

(17) On or about July 28, 1982, the District Attorney completed Form V under the Interstate Agreement on Detainers, requesting the temporary custody of Morris from North Carolina.

(18) On or about July 28, 1982, the Honorable Robert A. Freedberg, Judge of the Court of Common Pleas of Northampton County, executed his certification on Form V.

(19) On July 28, 1982, the District Attorney mailed Form V to Mrs. Lillie M. Grissom, Compact Administrator for the Interstate Agreement on Detainers for the North Carolina Department of Correction.

(20) That there are outstanding at this point in time certain criminal charges against Walter Andrew Morris, particularly, criminal attempt to commit possession with intent to manufacture or deliver Phencyclidine and conspiracy;

(21) That these charges are presently pending in the County of Northampton in the Commonwealth of Pennsylvania;

(22) That the individual who appeared in court on February 2, 1983, being a white male, is that individual designated in the criminal documents and procedures herein as Walter Andrew Morris;

(23) That on January 26, 1983 there was filed in the Office of Clerk of the Superior Court of Stanly County a document entitled "Findings of fact, conclusions of law, and order by Governor of sending state on request by Commonwealth of Pennsylvania for temporary custody", the said document being signed by James B.

Hunt, Jr., the Governor of the State of North Carolina;

(24) That there were certain attachments to the Governor's findings of fact and order, and that a copy of the said findings of fact and order are to be attached to and made a part of this order;

(25) The Court specifically does herein find as a fact that these documents are in order and satisfy all the requirements of the Uniform Interstate Agreement on Detainers set forth in Article 38, Chapter 15A of the Criminal Procedure Act of North Carolina:

(26) The Court further finds as a fact that the defendant is presently charged and stands charged with certain crimes in the demanding state as set out hereinabove in the findings of fact;

(27) That Walter Andrew Morris, the person who appeared in Superior Court of Stanly County, is that person demanded by the Commonwealth of Pennsylvania;

(28) That the said Walter Andrew Morris herein is a fugitive from Pennsylvania in that he does refuse to voluntarily return to the Commonwealth of Pennsylvania and resists the transfer to that Commonwealth;

(29) That, in addition, the State of North Carolina and the Commonwealth of Pennsylvania are each members of the Interstate Agreement on Detainers, and that a detainer has been duly filed in this matter by the Commonwealth of Pennsylvania, and that the Commonwealth now seeks the presence of Walter Andrew Morris in the said Commonwealth for trial on the criminal charges above set out;

(30) That an opportunity has been granted and a hearing held where the accused defendant, Morris, was present, together with counsel, given an opportunity to hear the evidence against him and to present evidence prior to any order by this Court and prior to any transfer to the demanding State.

The record also contains, *inter alia*, the following documents:

—Affidavit and complaint of Patrolman Joseph W. Victory, Jr., Upper Mount Bethel, Pa., Police Department, attesting to the fact that Walter Andrew Morris and others committed the offenses of criminal attempt and criminal conspiracy with regard to efforts to manufacture, deliver, or possess a Schedule II controlled substance, to wit, phencylidine; said affidavit being further signed by a magistrate with a notation that there is probable cause for the issuance of process;

—Information issued and signed by the District Attorney of Northampton County, Pa., charging Walter Andrew Morris with criminal attempt and conspiracy to manufacture, deliver, or possess phencylidine;

—Agreement on Detainers; Form V—Request for Temporary Custody, wherein the District Attorney for Northampton County, Pa., requests from North Carolina prison authorities the temporary custody of Walter Andrew Morris for the purpose of placing him on trial for the offenses of criminal attempt and conspiracy, and further wherein, below the request and signature of the district attorney, Judge Robert A. Freedberg, of the Court of Common Pleas for Northampton County, entered and signed the following certification:

I hereby certify that the person whose signature appears above is an appropriate officer within the meaning of Article IV(a) and that the facts recited in this request for temporary custody are correct and that having duly recorded said request, I hereby transmit it for action in accordance with its terms and the provisions of the Agreement on Detainers. July 28, 1982 /s/ Robert A. Freedberg.

—Findings of Fact, Conclusion of Law, and Order of Governor James B. Hunt, Jr., of North Carolina dated January 24, 1983 wherein the governor ordered "that the Request for Temporary Custody of Walter Andrew Morris by the Commonwealth of Pennsylvania is hereby approved and Morris is to be delivered for temporary custody to appropriate authorities from the Commonwealth of Pennsylvania, pending judicial review in the Superior Court of Stanly County, North Carolina."

## II.

Having examined the entire record, this Court finds that Judge Seay's findings of fact entered on February 7, 1983 are supported by the record and are entitled to a presumption of correctness. *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Consequently, this Court adopts as its own the above-cited findings of fact from Judge Seay's February 7, 1983 order.[1] *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ In reviewing a petition for a writ of habeas corpus which seeks to prevent extradition, a federal court is restricted to a limited inquiry. As stated by the Supreme Court,

Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

*Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978). This Court holds that in the present case the record reflects that these four criteria have been met.

■ With regard to Petitioner's specific objections, this Court finds no merit. In his first claim, Petitioner attacks the extradition documents as not being in compliance with Article IV(a) of the Interstate Agreement on Detainers. (IAD). That section requires that a court having jurisdiction of the indictment, information, or complaint, must have "duly approved, recorded, and transmitted" any temporary custody request. *See,* NCGS § 15A–761, Art. IV(a) (1978). Petitioner argues that, although Judge Freedberg's transmittal order uses the words "record" and "transmit", it no where uses the word "approve", and consequently, is not in compliance with Article IV(a) of the IAD.

This illusory argument is totally devoid of merit. Judge Freedberg's certification is expressly a statement of judicial approval of the extradition request, regardless of whether or not the word "approved" or some variant thereof is used.

■ In his second and third claims, Petitioner seeks to raise speedy trial and double jeopardy objections to the criminal charges that are facing him in Pennsylvania. His fifth and sixth claims (presented in the supplemental memorandum) assert generally that the district attorney in Pennsylvania is trying to "prejudice" him and that the Pennsylvania courts have given up jurisdiction of his case. As stated above, the judicial review of the extradition process is a limited one. Substantive claims with regard to the constitutional sufficiency of the judicial procedures in the receiving state are beyond the scope of this Court's inquiry. *See Price v. Pitchess,* 556 F.2d 926 (9th Cir.) *cert. denied,* 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 451 (1977). Once Petitioner has been extradited to Pennsylvania, he may raise his speedy trial, double jeopardy, and other objections in the courts of that state, which, as with this or any other court in this country, are equally bound and committed to protecting his constitutional rights.

■ In his fourth claim, Petitioner argues that the extradition documents are

---

1. Insofar as Judge Seay's finding number (25) amounts to a mixed finding of fact and conclusion of law, this Court adopts it only insofar as it represents a finding of fact. This Court decides below from an independent review of the record that the extradition documents are proper on their face and in compliance with the Interstate Agreement on Detainers.

deficient in that no governor's warrant has been requested by the governor of Pennsylvania or issued by the governor of North Carolina. The necessity for a governor's warrant is a procedural requirement for proceedings under the Uniform Criminal Extradition Act (in North Carolina, codified at NCGS § 15A–722 *et seq.*), and is expressly exempted as a procedural right in proceedings under the Interstate Agreement on Detainers in Article IV(d). *See Cuyler v. Adams,* 449 U.S. 433, 445–46, 101 S.Ct. 703, 710–711, 66 L.Ed.2d 641 (1981). Thus, this Court holds that the lack of a governor's warrant does not create a material deficiency in the extradition documents and that this claim is without merit.[2]

### III.

Consequently, having reviewed the petition and the entire record, this Court finds that Petitioner is not entitled to the relief requested. THEREFORE, IT IS HEREBY ORDERED that the writ of habeas corpus is DENIED, the petition is DISMISSED, and the stay of extradition issued by this Court is DISSOLVED.

Petitioner is advised that he may appeal *in forma pauperis* from this *final* Order by forwarding a written notice of appeal to the Clerk of the United States District Court, 401 West Trade Street, Charlotte, North Carolina 28202. Said *written* notice of appeal must be received by the Clerk within thirty (30) days from the date of filing of this final Order, and may be filed without the prepayment of costs or the giving of security therefor. The Court declines to issue a certificate of probable cause in this case.

---

**2.** It is difficult to understand how Petitioner feels he has been prejudiced by the lack of a governor's warrant. Generally, a governor's warrant is a single-page, summary document ordering the extradition. In the present case, Petitioner has received far more than such a summary procedure. Petitioner has, through counsel, presented briefs and arguments to the governor of North Carolina who, instead of issuing a summary warrant, has fully investigated this matter and filed lengthy findings of fact and conclusions of law in addition to the order of extradition.