832 P.2d 1148

STATE of Idaho, Plaintiff–Respondent,

v.

Richard Eugene BREWER,
Defendant–Appellant.

No. 19335.

Court of Appeals of Idaho.

June 25, 1992.

**214**

Knowlton, Miles & Merica, Lewiston, for appellant. Jeff M. Brudie argued.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent. Myrna A.I. Stahman argued.

PER CURIAM.

This appeal seeks the review of a sentence imposed for murder in the first degree. Richard Eugene Brewer was charged with first degree murder, grand theft, first degree burglary and with conspiracy to commit murder in the first degree. Pursuant to a plea bargain, he pled guilty to the murder charge and the other counts were dismissed. The state also agreed not to seek the death penalty on the understanding that the district court could impose a sentence of life imprisonment, with a minimum period of confinement to be fixed at the discretion of the court under the Unified Sentencing Act, I.C. § 19–2513. The district court accepted Brewer's plea of guilty, entered a judgment of conviction and imposed a life sentence in the custody of the Board of Correction with a minimum period of confinement of thirty-five years. On appeal, Brewer contends that the district court abused its discretion by imposing a sentence with an excessive minimum period of confinement. He does not challenge the imposition of a life sentence, required by I.C. § 18–4004 for murder in the first degree when the death penalty is not invoked. We affirm.

Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Thus, the question presented in this case is whether under any reasonable view of the facts a period of confinement of thirty-five years for Brewer's conviction for first degree murder was an abuse of discretion. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.

App.1982). The pertinent facts of this case can be stated as follows. Brewer and a companion, Scott Weinmann, were stopped by police in Oregon for reckless driving. The police determined that the vehicle being driven by Brewer and Weinmann belonged to one Logan Hollingsworth of Lewiston, Idaho. The officers contacted Hollingsworth's mother, who lived in Oregon, to determine whether Brewer or Weinmann had permission to be in possession of Hollingsworth's car. Mrs. Hollingsworth called another of her sons, Russell, who lived in Lewiston, to try to reach Logan Hollingsworth because he did not have a telephone. When Russell arrived at Hollingsworth's house and no one responded to his knock at the door, he peered through a window and observed Hollingsworth lying on his back on the floor with a large knife protruding from his chest. Brewer and Weinmann subsequently were arrested for Hollingsworth's murder and were extradited to Idaho.

Brewer confessed to the police that he had stabbed Hollingsworth eleven times in order to take his money, credit cards and vehicle. Although Brewer has no adult felony record, there are other charges pending in California against Brewer for murder and for attempted murder. Brewer and Weinmann had stolen a vehicle in California for their trip to Lewiston. They wrecked the stolen vehicle in the state of Washington, before arriving in Lewiston. They met Hollingsworth in a park in Lewiston where they were spending their nights because they had no other place to live. At the time they met him, it was raining, they couldn't find work, and so they accepted Hollingsworth's offer to go to his house for food and to have a place to stay. Brewer and Weinmann had decided in advance that they would rob someone, take his money and car and return to California.

Brewer has had a troubled background. He was seventeen years old at the time of the homicide. He was raised in California and had dropped out of high school while in the tenth grade. Since about age fourteen, he has used alcohol, marijuana and other drugs. He has never held a job but supported himself by stealing from others. He had received treatment in several hospitals and treatment centers for emotional disturbance and had been released from an adolescent treatment unit at a hospital in California about a month before the Hollingsworth killing.

During the sentencing proceeding, the district judge expressed his concern over the events of the murder. He stated that Brewer "callously and venally, for profit, took the life of a young man who had offered this defendant and his companion food, and a place to stay after they'd spent several nights sleeping in parks." The judge characterized the murder as "heinous" and "brutal." The court considered the objectives of the protection of society, deterrence, retribution and rehabilitation as important factors in deciding an appropriate sentence to be imposed in this case, but concluded that the factor of rehabilitation was minimal. The court noted that Brewer had never "expressed or exhibited any remorse, or shame whatsoever for deliberately taking the life of Mr. Hollingsworth." The judge concluded that Brewer posed a serious threat to the public, requiring that Brewer be separated from society for a substantial period of time. The court then imposed a life sentence with thirty-five years required confinement before Brewer could be considered for parole.

It is clear in this case that the court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. As our Supreme Court has noted, the seriousness of a homicide offense mandates a punishment in the form of a substantial prison sentence. *State v. Hooper*, 119 Idaho 606, 609, 809 P.2d 467, 470 (1991). A substantial sentence in this regard reflects society's condemnation of the defendant's conduct, deters other members of society from engaging in similar conduct, and protects society from future crime. *Id.* Upon reviewing the record, we cannot say the court below abused its discretion. Under the circumstances of this case, in light of Brewer's history and character, the sentence was reasonable.

Accordingly, the judgment of conviction and sentence are affirmed.