836 P.2d 1092

STATE of Idaho, Plaintiff–Respondent,

v.

Scott WEINMANN, Defendant–Appellant.

No. 19400.

Court of Appeals of Idaho.

Aug. 28, 1992.

William J. Fitzgerald, Lewiston, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal from a judgment of conviction and sentence imposed for murder in the first degree. The appellant, Scott Weinmann, was charged with being a principal in the commission of first degree murder (I.C. §§ 18–4001, 18–4002, 18–4003 and 18–204), with conspiracy to commit murder in the first degree (I.C. § 18–1701), and with grand theft (I.C. §§ 18–2403(1), 18–2407(1)). Pursuant to a plea bargain, he pled guilty to the murder charge and the other counts were dismissed. As part of the plea agreement, the state refrained from seeking the death penalty on the understanding that the district court could impose a sentence of life imprisonment, with a minimum period of confinement to be fixed at the discretion of the court under the Unified Sentencing Act, I.C. § 19–2513. The district court accepted Weinmann's plea of guilty, entered a judgment of conviction and imposed a life sentence in the custody of the Board of Correction with a minimum period of confinement of twenty-five years. Weinmann contends on appeal that the district court abused its discretion by imposing a sentence with an excessive minimum period of confinement. He does not challenge the imposition of a life sentence, required by I.C. § 18–4004 for murder in the first degree when the death penalty is not invoked. We affirm.

■ Our standards for review of sentences on appeal are well settled. The appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Thus, the question presented in this case is whether under any reasonable view of the facts a period of confinement of twenty-five years for Weinmann's conviction for first degree murder was an abuse of discretion. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

On review of a sentence, we also conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982). The pertinent facts of this case can be stated as follows. Weinmann and a companion, Richard Brewer, were stopped by police in Oregon for reckless driving. The police determined that the vehicle being driven by Weinmann belonged to one Logan Hollingsworth of Lewiston, Idaho. During the course of the investigation by the Oregon State Police, attempts were made to contact Mr. Hollingsworth. When those efforts were unsuccessful, the police contacted Russell Rimel, Mr. Hollingsworth's step-brother, who went to Hollings-

worth's apartment and discovered him dead, lying on his back with a butcher knife protruding from his chest. Mr. Rimel immediately notified the Lewiston police department. Brewer and Weinmann subsequently were arrested for Hollingsworth's murder and were extradited to Idaho.[1] The following additional facts were related by Weinmann and Brewer to the police, to the presentence investigator and to the court upon their admissions of guilt. Brewer and Weinmann met each other in California a few weeks before the Hollingsworth murder. They decided to leave California to seek jobs in Lewiston, Idaho, and stole a vehicle in California for their trip. They wrecked that vehicle in the state of Washington, before arriving in Lewiston. They met Hollingsworth in a park in Lewiston where they were spending their nights because they had no other place to live. At the time they met him, it was raining, they couldn't find work, and so they accepted Hollingsworth's offer to go to his house for food and to have a place to stay. Brewer and Weinmann had decided in advance that they would rob someone, take his money and car and return to California. While in Hollingsworth's apartment, Brewer stabbed Hollingsworth several times. Weinmann passively watched and did nothing to try to stop the crime. After the killing of Hollingsworth, the two ransacked the apartment, took money and other items and left in Hollingsworth's vehicle. As noted, they later were arrested in Oregon.

This is Weinmann's first felony conviction. At the time he was sentenced for the murder, he was 19 years of age. As a juvenile he had been raised in foster care and, from April 1985, until he turned 18 in July of 1989, he lived at the North Idaho Children's Home in Lewiston, a facility for seriously emotionally disturbed children. When he was placed with the Home, he was diagnosed as having an undersocialized conduct disorder with aggressive traits. Permanent placement in a very structured group home was recommended because of his history of antisocial behav-

ior, his multitude of problems and his need for controls. Following his release from the Home until he was arrested for participating in Hollingsworth's murder, Weinmann committed or abetted a number of criminal activities. He was terminated from his job for stealing food. With Brewer he had "rolled" or mugged homosexuals for money. With Brewer and on his own he had stolen automobiles. In California, he was present and watched Brewer choke another man to death with a toilet plunger handle; afterward Weinmann checked the victim's pulse and determined he was dead. He was also present when Brewer attempted to kill another person. As with the Hollingsworth incident, Weinmann evidently did nothing to stop these other crimes and he shared in the benefits from them.

In pronouncing sentence, the district judge expressed his opinion concerning the events surrounding the murder. He characterized the murder as "a terrible and senseless killing ... with no provocation whatsoever." The court further addressed Weinmann stating:

> I see no remorse although there may be remorse there. And I need to take your word in that regard because I quite frankly have neither seen nor observed anything that would lead me to believe that this has given you any cause for sadness or grief or moral reflection. It is not as if this was the first time you realized that your companion or partner was a bad person. The evidence in this case, the facts demonstrate that Mr. Brewer was a killer, that you had known this, that you had seen him kill in the past, that you benefited from those killings, participated in the fruits of the crime and chose to maintain his friendship, your relationship with him, continued to travel next to him. This murder was committed for a few dollars and your participation in that offense must naturally be punished severely, not only to show our condemnation for the act itself, not only to express society's dis-

---

**1.** Brewer's complicity in the murder was affirmed on review of the judgment of conviction entered against him, in *State v. Brewer*, 122 Idaho 213, 832 P.2d 1148 (Ct.App.1992). He received a life sentence with a thirty-five year minimum period of confinement.

**634**

gust of such a vile and senseless act but also to protect other people who perhaps because of their kindness might take you into their homes in the future and offer you some shelter only to be brutalized in return for their kindness. The sentence must also let other people understand and know that if they were so inclined to commit that type of act that if caught they will be dealt with severely and in such a fashion as to deter them from committing the act. The sentence that I have felt appropriate in this case is the minimum sentence that I feel would satisfy the goals of deterrence, retribution, rehabilitation, [and] protection of society. Any lesser sentence I think would unduly [depreciate] the seriousness of the offense. As I look at you, I don't see any real serious ties to anyone or anything, anyplace. I don't see that you have a need or desire or a care to help anyone or anything. I don't see that you have a desire to be an asset to the community, and thus I do feel that it's important that you be taken away from society for a considerable period of time and as a consequence I am sentencing you to serve a fixed period of incarceration in the Idaho State Penitentiary of 25 years to be followed by an indeterminate period of life. The exact indeterminate period of incarceration following the fixed period of 25 years to be determined by the Idaho Department of Probation and Parole through Pardons and Parole.

It is clear in this case that the court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. As our Supreme Court has noted, the seriousness of a homicide offense mandates a punishment in the form of a substantial prison sentence. *State v. Hooper*, 119 Idaho 606, 609, 809 P.2d 467, 470 (1991). A substantial sentence in this regard reflects society's condemnation of the defendant's conduct, deters other members of society from engaging in similar conduct, and protects society from future crime. *Id.* Upon reviewing the record, we cannot say the court below abused its discretion. Considering Weinmann's charac-

ter and the nature of the offense, the sentence was reasonable under the circumstances of this case.

Accordingly, the judgment of conviction and sentence are affirmed.

SWANSTROM and SILAK, JJ., concur.