52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Thomas MITCHELL, Petitioner-Appellant,
v.
Walt CHAPLEAU, Warden, Respondent-Appellee.
 No. 94-5862.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: MARTIN and RYAN, Circuit Judges; and GILMORE, District Judge.*
 
 ORDER
 
 2
 Thomas Mitchell appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mitchell is serving a life sentence following his conviction in the Rowan County, Kentucky, Circuit Court of first degree robbery, first degree assault and being a persistent felony offender in the second degree. In 1991, Texas authorities lodged a detainer against petitioner pursuant the Interstate Agreement on Detainers (IAD). In 1992, Texas authorities submitted a request and an amended request for temporary custody of petitioner pursuant to Article IV of the IAD. Petitioner filed a habeas corpus petition in the Oldham County, Kentucky, Circuit Court in which he argued that charging documents submitted by Texas authorities were inadequate. The Oldham Circuit Court dismissed the petition as without merit, and the Kentucky Court of Appeals affirmed the dismissal. Thereafter, the Kentucky Supreme Court denied discretionary review.
 
 
 4
 Next, petitioner filed his petition in the district court alleging that the detainer lodged against him by Texas authorities pursuant to the IAD was defective. Respondent responded in opposition to the petition, and petitioner filed a traverse. The magistrate judge recommended that the petition be dismissed as without merit, and petitioner filed objections. The district court accepted the magistrate judge's recommendation and dismissed the petition. After a timely Fed.R.Civ.P. 59(e) motion to alter or amend the judgment was denied, the district court granted petitioner a certificate of probable cause to appeal.
 
 
 5
 On appeal, petitioner reiterates his contentions that: (1) the IAD documents are defective because they incorrectly list his hair and eye colors and Social Security number; (2) no determination has been made that petitioner is the person named in the detainer. Respondent has notified the court that he does not intend to file a brief on appeal unless directed to do so.
 
 
 6
 Upon consideration, the judgment of the district court is affirmed for the reasons stated in the magistrate judge's recommendation filed March 28, 1994, and adopted by the district court in its judgment entered April 5, 1994. First, the Oldham Circuit Court found that the Texas indictment as reflected in the amended request for temporary custody provided the necessary specific identifying information. This finding of fact is entitled to a presumption of correctness pursuant to 28 U.S.C. Sec. 2254(d). See Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam). Even liberally construing petitioner's claims as brought under 28 U.S.C. Sec. 2241, see Norton v. Parke, 892 F.2d 476, 480-81 (6th Cir.1989), cert. denied, 494 U.S. 1060 (1990), this court's review in federal habeas corpus is limited. See California v. Superior Court of Cal., 482 U.S. 400, 408 (1987); Michigan v. Doran, 439 U.S. 282, 289 (1978). Petitioner's claims of misidentification in the pertinent documents simply are insufficient to overcome the presumption of correctness. Under these circumstances, habeas relief was properly denied.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation