913 P.2d 73

**Richard Eugene BREWER, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 22029.

Court of Appeals of Idaho.

Feb. 7, 1996.

Petition for Review Denied April 8, 1996.

341

Alan E. Trimming, Ada County Public Defender, Boise, for appellant.

Respondent did not participate in this appeal.

PERRY, Judge.

Richard Eugene Brewer appeals from the district court's opinion and order affirming the magistrate's decision to dismiss Brewer's petition for habeas corpus relief. In his petition, Brewer sought to invoke the protections of the Interstate Agreement on Detainers (I.A.D.), I.C. § 19–5001 et seq., to prevent being transported from Idaho to California to resolve pending charges in San Bernadino County. Because we find that Brewer's post-trial confinement in the county jail precluded application of the I.A.D. provisions to his case at the time he attempted to invoke it, we affirm the dismissal order.

## I.

### FACTS

On April 5, 1991, following Brewer's plea of guilty to first degree murder, the district court entered a judgment of conviction and ordered Brewer to serve a life sentence, with a minimum period of confinement of thirty-five years.[1] Brewer began serving his sentence in the Lewis County jail pending space availability at the Idaho State Correctional Institution (ISCI). Brewer was transferred to ISCI on May 18, 1991.

As a result of unresolved murder and robbery charges filed against Brewer in California, the State of California requested temporary custody of Brewer from the Idaho Department of Corrections pursuant to the I.A.D. Brewer and his counsel were aware of these charges and a California extradition warrant dated June 1990. On April 18, 1991, while in the Lewis County jail, Brewer sent to California authorities a request for final disposition of the California charges. However, not until July 14, 1992, did California forward a notification of untried indictments and a request for detainer to Idaho.

An arraignment hearing was held in January 1993 to advise Brewer of his rights regarding California's request for temporary custody of Brewer under the I.A.D. Brewer thereafter filed a petition for habeas corpus relief seeking to resist the efforts of the State of California to gain temporary custody over him to stand trial on the California charges. In his petition, Brewer claimed that California had not complied with the speedy trial provisions of the I.A.D. in prosecuting him, thereby precluding Idaho from transporting him to California pursuant to the detainer. Brewer requested that a writ of habeas corpus be issued quashing the detainer.

Following a hearing on the habeas corpus petition, the magistrate determined that it had the authority to expunge the detainer regarding the California charges. However, the magistrate withheld a final decision pending a further hearing on whether the charges underlying the detainer would be subject to dismissal for failure by California to comply with the speedy trial provisions of the I.A.D. On October 21, 1994, the magistrate entered a memorandum decision finding that the I.A.D. does not apply where an offender is being held in a local jail or holding facility— as was Brewer at the time he filed his request for final disposition of the California charges—even though he has already been sentenced to a penal institution and is serving a portion of that sentence. The magis-

1. The conviction and sentence were affirmed in *State v. Brewer,* 122 Idaho 213, 832 P.2d 1148 (Ct.App.1992).

trate ordered Brewer's petition for writ of habeas corpus dismissed with prejudice. On appeal from the magistrate's decision, the district court affirmed the dismissal under a different rationale than the one set forth by the magistrate. Brewer now appeals from the opinion and order of the district court.

## II.

## ANALYSIS

 Where the issues presented to us on an appeal were first decided by a magistrate and then presented to a district court on appeal, we review the magistrate's decision independent of, but with due regard for, the district court's appellate decision. *Harney v. Weatherby,* 116 Idaho 904, 906, 781 P.2d 241, 243 (Ct.App.1989); *Hentges v. Hentges,* 115 Idaho 192, 765 P.2d 1094 (Ct. App.1988). The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State,* 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State,* 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct.App.1992). When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Brennan,* 122 Idaho at 914, 841 P.2d at 444, *citing Sivak v. Ada County,* 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct.App.1989). If a petitioner is not entitled to relief on his application for a writ of habeas corpus, the decision by the petitioned court to dismiss the application is not an abuse of discretion. *Id.,* 122 Idaho at 917, 841 P.2d at 447.

Brewer asserts on appeal that a writ of habeas corpus was the proper redress for the denial of his constitutional right to a speedy trial. Because he was not brought to trial within 180 days of his request for final disposition of the California charges, as set forth in I.C. § 19–5001(c)(1), he argues that the writ of habeas corpus should have been

granted, quashing the detainer. Brewer argues that the fundamental concept of speedy trial should not be rendered subservient to lesser considerations denying I.A.D. remedies to an inmate, such as the placement of an inmate in a county jail or a delay in the transport of an inmate residing in a county jail awaiting transfer to prison.

The first issue raised is whether the magistrate erred in holding the I.A.D. inapplicable to Brewer. Relying on *State v. Breen,* 126 Idaho 305, 882 P.2d 472 (Ct.App.1994), the magistrate concluded that, because Brewer was being held in a local jail at the time he filed his request for final disposition of the California charges, he was not entitled to the protections of the I.A.D. Only if we determine that the I.A.D. applies do we reach Brewer's second issue addressing the magistrate's authority under the I.A.D. to expunge a detainer.

In *Breen* this Court noted that Idaho Code Section 19–5001(c)(1) addresses only prisoners who "have entered upon a term of imprisonment in a penal or correctional institution." *Breen,* 126 Idaho at 307, 882 P.2d at 474. Finding support in federal cases, we held that "even though Breen was serving the sentence on his prior conviction [from Washington] ... he was ineligible to assert rights under the I.A.D. while incarcerated at the Spokane County jail because he was not imprisoned in a penal institution." *Id.,* at 308, 882 P.2d at 475 (citations omitted).

 Brewer's situation parallels the attendant circumstances in *Breen.* Brewer was being held in the county jail following sentencing on the Idaho charges. Brewer was temporarily committed to the Lewis County jail, which was a designated holding facility, until space became available at ISCI.[2] He served the first thirty days of his life sentence in the county jail. It was during that thirty-day period that Brewer petitioned for final disposition of the California charges. Brewer did not demand the protection of the I.A.D. again, once he was placed at ISCI.

---

**2.** Our opinion, however, should not be read to address a situation, such as overcrowding, where a sentenced prisoner may be held on a permanent basis in a county jail pursuant to a contract between the state and the county to house said prisoner without ever being transferred to a penal institution.

■ Situations similar to Brewer's have been addressed by the federal courts. "The time a defendant spends in custody after sentencing but before he has been taken to the correctional facility in which he will serve his sentence is not covered by the I.A.D. time limits." *United States v. Taylor,* 861 F.2d 316, 320 (1st Cir.1988), *citing Crooker v. United States,* 814 F.2d 75, 77–78 (1st Cir. 1987). Accordingly, Brewer's post-sentencing incarceration in the Lewis County jail precluded the application of the I.A.D. during that time period, including the speedy trial provisions of I.C. § 19–5001(c)(1). *See State v. Breen, supra.* Brewer became eligible to invoke the protections of the I.A.D. only upon being placed at ISCI, but failed to do so. We need not, therefore, discuss Brewer's contention that a violation of the speedy trial provisions of I.C. § 19–5001(c)(1) warrants expungement of the detainer.

We conclude that the magistrate properly denied Brewer's habeas corpus petition to quash the detainer and prevent Brewer's transport to California to answer the untried indictments. We affirm the district court's order upholding the magistrate's dismissal of Brewer's habeas corpus petition.

WALTERS, C.J., and LANSING, J., concur.